IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Raj K. Patel,

          Plaintiff,

                              Case No. 1:23-cv-2249-MLB

v.

The United Parcel Service, Inc.,

          Defendant.

_____/

## ORDER

Plaintiff Raj K. Patel filed an application to proceed in forma pauperis (IFP) along with a complaint that is virtually identical to one the Court previously dismissed. (Dkt. 1.) Magistrate Judge Russell G. Vineyard granted Plaintiff IFP status and directed the Clerk to submit the matter to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). (Dkt. 4.)

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court may dismiss a complaint for

failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.  "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims whose factual contentions are clearly baseless." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.  A finding of legal frivolousness is when the plaintiff asserts "a claim based on an indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

The Court recognizes Plaintiff is appearing pro se and so affords her complaint greater leniency.  *See Powell v. Lennon*, 914 F.2d 1459,

2

1463 (11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam))).  But this leniency neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings."  *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam).

Plaintiff's complaint raises identical allegations as his prior complaint, which the Court dismissed as being "removed from reality and frivolous."  *See Patel v. The United Parcel Service, Inc.*, No. 1:22-cv-4169 (N.D. Ga.), Dkt. 6 at 6.  For the same reasons as before, his claims remain frivolous.  The Court previously noted that Plaintiff seems to be under a filing restriction imposed by the United States District Court for the Southern District of Indiana, and it warned Plaintiff that "should he continue to submit filings that have no basis in reality and are harassing to the Court," it would "not hesitate to impose a similar restriction."  *Id.* at 6 n.1.  The Court now imposes such a restriction.

The Court **DISMISSES** Plaintiff's Complaint (Dkt. 2).  The Court

3

**DIRECTS** the Clerk not to accept from Plaintiff any Complaints for filing without the express written consent of the undersigned.

**SO ORDERED** this 29th day of September, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE